**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
***Filed Electronically***

| | |
|---|---|
| CHARLES O. CATER,  ) | |
| ) | |
| Plaintiff  ) | |
| ) | |
| v.  ) | Civil Action No. ___3:25-cv-89-CRS___ |
| ) | |
| LOUISVILLE COURIER-JOURNAL  ) | Removed from Jefferson Circuit Court |
| and GRAY LOCAL MEDIA, INC. d/b/a  ) | Case No. 24-CI-06228 |
| WAVE 3 NEWS  ) | |
| ) | |
| Defendants.  ) | |

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446, Defendant Gray Local Media, Inc. d/b/a WAVE 3 News ("WAVE 3"), improperly named in the Complaint as WAVE 3 News, by filing this Notice of Removal and related papers, removes this action from the Jefferson Circuit Court, Jefferson County, Kentucky, where it is currently pending as Civil Action No. 24-CI-06228, to the United States District Court for the Western District of Kentucky, Louisville Division.  Removal of this action is based on the following:

**I.      The State Court Action, Amount in Controversy, and Timeliness of Removal**

1.      On September 3, 2024, Plaintiff filed a *pro se* Complaint in Jefferson Circuit Court, Civil Action No. 24-CI-06228 (the "State Court Action").  As required by 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders from the State Court Action are attached to this Notice as **Exhibit A**.

2.      WAVE 3 received service of the Complaint via certified mail on February 12, 2025.

3.      In his *pro se* Complaint, Plaintiff alleges as follows:

> This Complaint is on Wave 3 News Station. In 2018 the DEA of Louisville Ky. or (LFD) Louisville Field Department was investigating a Drug Conspiracy that Lead to a Homicide in which Louisville Metro Policy Department got involved.
>
> Wave 3 stated that I, Charles Cater, was heard being paid $30,000 to kill two people. Under penalty and perjury, I Mr. Carles Cater will state this was and is Fraud/ Slander/ Libel/ Defamation and a Breach of Contract.
>
> I, will State Under penalty and Perjury at the time this was stated was a lie and remain a lie. I am asking for a fast-in-speedy Trial and a 10 million dollar settlement.

4.    Based on these allegations, Plaintiff appears to assert claims for fraud, slander, libel, defamation, and breach of contract.

5.    Plaintiff explicitly seeks damages in the amount of $10 million.

6.    "The amount in controversy should be considered 'from the perspective of the plaintiff, with a focus on the economic value of the rights he seeks to protect.'" *Adelman's Truck Parts Corp. v. Jones Transp.*, 797 F. App'x 997, 1000 (6th Cir. 2020) (citations omitted).

7.    In this action, Plaintiff plainly seeks in excess of the jurisdictional minimum, and alleges an entitlement to $10 million.

8.    Based on the nature of Plaintiff's claims and allegations in the Complaint, it is more likely than not that the amount in controversy exceeds $75,000, exclusive of interest and costs, and thus satisfies the threshold for diversity jurisdiction under 28 U.S.C. § 1332(a).

9.    This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1) because it was filed within 30 days after WAVE 3 received the initial pleading or summons.

## II.   Diversity of Citizenship

10.   Plaintiff is presently incarcerated in a federal penitentiary in Atlanta, Georgia.  *See* Ex. A, Compl.[1]

11.   For the purposes of diversity jurisdiction, Plaintiff's citizenship is determined by his state of residence <u>before</u> his incarceration, and not by his state of incarceration.  *See Swartz v. Fraizer*, 2024 WL 4729312, at *1 (W.D. Ky. 2024) ("[T]here is a rebuttable presumption that a prisoner retains his former domicile after incarceration rather than acquiring a new domicile when he is incarcerated in a different state.") (punctuation omitted) (quoting *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001)); *Saunders v. Currin*, 2007 WL 29067, at *2 (E.D. Ky. 2007) ("A prisoner does not acquire a new domicile when he or she is incarcerated in a different state; instead, he or she maintains his or her pre-incarceration domicile.") (citing cases).

12.   Prior to his incarceration, Plaintiff was a citizen and resident of Kentucky.  *See* Ex. A, Compl. (implying that Plaintiff resided in Louisville).[2]

13.   WAVE 3 is a corporation organized under the laws of Delaware, with its principal place of business in Georgia.  WAVE 3 is not a limited liability company, and it is not a citizen of Kentucky.

14.   Moreover, the citizenship of the Courier-Journal, nominally a defendant in Plaintiff's Complaint, is not relevant to jurisdiction because the Courier-Journal has not been "properly joined and served" in this action.  *See* 28 U.S.C. § 1441(b)(2); *see also Gillett v. Spirit Commercial Auto Risk Retention Group, Inc.*, 2020 WL 8187463, at *2 (W.D. Ky. 2020) ("[T]he

[1] *See also* https://www.bop.gov/mobile/find_inmate/byname.jsp (data retrieved February 14, 2025) (identifying Plaintiff as a current inmate at FCI Atlanta with a release date of January 7, 2036).
[2] *See also* United States Attorney's Office, Western District of Kentucky, *Louisville Men Sentenced in Federal Court for Multi-Drug Trafficking Conspiracy and Firearms Offenses* (May 22, 2023) (identifying Plaintiff as a Louisville resident at the time of his conviction), available online at https://www.justice.gov/usao-wdky/pr/louisville-men-sentenced-federal-court-multi-drug-trafficking-conspiracy-and-firearms

Western District of Kentucky applies a strict reading of the statute so that the forum defendant rule only applies to those defendants 'properly joined and served.'") (citation, punctuation omitted).

15.     Alternatively, the Courier-Journal's citizenship is irrelevant because the Courier-Journal is a fraudulently joined party. Plaintiff's Complaint contains no allegations of any kind pertaining to the Courier-Journal, and simply alleges various torts purportedly committed by WAVE 3. *See* Ex. A, Compl. Therefore, even if the Courier-Journal had been properly joined and served, its presence in the action would not defeat diversity. *See Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432 (6th Cir. 2012) (citations omitted).

16.     Removal of the State Court Action is proper under 28 U.S.C. § 1441(b), and this Court has subject matter jurisdiction under 28 U.S.C. § 1332, because there exists complete diversity of citizenship between the Plaintiff (citizen of Kentucky) and the properly joined and served Defendant, WAVE 3 (a citizen of Delaware and Georgia, pursuant to 28 U.S.C. § 1332(c)(1)).

### III.     Venue and Notice in the State Court Action

17.     The United States District Court for the Western District of Kentucky at Louisville is the district and division embracing the place where the action is pending (Jefferson County, Kentucky). 28 U.S.C. § 1441(a); 28 U.S.C. § 97(a); LR 3.1(b)(1).

18.     Pursuant to 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal will be served on Plaintiff's counsel and filed with the Clerk of the Jefferson Circuit Court.

WHEREFORE, Gray Local Media, Inc. d/b/a WAVE 3 News gives notice that this action is removed to the United States District Court for the Western District of Kentucky, Louisville Division, and submits that this Court's diversity jurisdiction is properly invoked in this action.

Respectfully submitted,

FROST BROWN TODD LLP

*/s/ Samuel W. Wardle*
Samuel W. Wardle (swardle@fbtlaw.com)
400 West Market Street, 32nd Floor
Louisville, KY 40202-3363
Phone: (502) 589-5400 | Fax: (502) 581-1087
*Counsel for Defendant,*
*Gray Local Media, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all registered users, and I sent a true copy of the foregoing document and the notice of electronic filing by USPS priority mail to the following:

Charles O. Cater
Register Number 19204-033
U.S. Penitentiary Atlanta
601 McDonough Blvd. SE
Atlanta, GA 30318
*Pro Se Plaintiff*

*/s/ Samuel W. Wardle*
*Counsel for Defendant,*
*Gray Local Media, Inc.*

0143426.0801226   4905-2557-5451