UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
*Filed Electronically*

| | |
|---|---|
| CHARLES O. CATER, ) <br> ) <br> Plaintiff ) <br> ) <br> v. ) <br> ) <br> LOUISVILLE COURIER-JOURNAL ) <br> and GRAY LOCAL MEDIA, INC. d/b/a ) <br> WAVE 3 NEWS ) <br> ) <br> Defendants. ) | Civil Action No. 3:25-cv-00089-CRS <br><br> Removed from Jefferson Circuit Court <br> Case No. 24-CI-06228 |

**RESPONSE TO MOTION FOR DEFAULT JUDGMENT**

Defendant Gray Local Media, Inc. d/b/a WAVE 3 News ("WAVE 3"), improperly named in the Complaint as WAVE 3 News, hereby responds to the Motion for Default Judgment filed by Plaintiff Charles O. Cater in Jefferson Circuit Court prior to WAVE 3's February 14, 2015 removal of Plaintiff's Complaint to this Court.

**INTRODUCTION**

Plaintiff filed this *pro se* lawsuit in Jefferson Circuit Court in September 2024, but Plaintiff did not serve WAVE 3 until February 2025. In the interim, Plaintiff filed a Motion for Default Judgment in Jefferson Circuit Court. Plaintiff's Motion was pending at the time of WAVE 3's removal. As Plaintiff's Motion for Default Judgment was pending at the time of removal, this Court now has jurisdiction to address it. *See* 28 U.S.C. § 1441(d).

This Court should deny Plaintiff's Motion for the simple reason that WAVE 3 had not been served with the summons or complaint at the time Plaintiff filed the Motion. And, once WAVE 3 received service, WAVE 3 promptly and timely responded. There is no basis for entering a default or default judgment against WAVE 3 on this record.

**BRIEF BACKGROUND**

On September 3, 2024, Plaintiff filed a *pro se* Complaint in Jefferson Circuit Court, Civil Action No. 24-CI-06228 (the "State Court Action"). *See* Ex. A to Notice of Removal [DE 1-1]. In his *pro se* Complaint, Plaintiff alleges as follows:

> This Complaint is on Wave 3 News Station. In 2018 the DEA of Louisville Ky. or (LFD) Louisville Field Department was investigating a Drug Conspiracy that Lead to a Homicide in which Louisville Metro Policy Department got involved.
>
> Wave 3 stated that I, Charles Cater, was heard being paid $30,000 to kill two people. Under penalty and perjury, I Mr. Carles Cater will state this was and is Fraud/ Slander/ Libel/ Defamation and a Breach of Contract.
>
> I, will State Under penalty and Perjury at the time this was stated was a lie and remain a lie. I am asking for a fast-in-speedy Trial and a 10 million dollar settlement.

Based on these allegations, Plaintiff appears to assert claims for fraud, slander, libel, defamation, and breach of contract. *Id.*

The state court docket [DE 1-1] indicates that, at the time Plaintiff filed his *pro se* Complaint, he opted to have the Jefferson Circuit Court Clerk issue the summons to him (rather than issue service by registered mail on WAVE 3's registered agent, which is common practice in Kentucky Circuit Court):

> **Summons**
> CIVIL SUMMONS issued on 09/03/2024 by way of **RETURNED TO ATTORNEY/PETITIONER**

Along with his Complaint, Plaintiff also filed a Motion for Waiver of Costs and Fees with the Jefferson Circuit Court. [DE 1-1]. Plaintiff averred that he was a federal prisoner with no assets, income, or expenses. *Id.*

On November 25, 2024, Plaintiff filed a handwritten "Motion for Default". The Motion does <u>not</u> provide any proof of service on WAVE 3. Instead, Plaintiff appears to believe that his

mere filing of the Complaint—without service—imposed an obligation on WAVE 3 to answer and defend:



*Id.*

On December 11, 2024, the Jefferson Circuit Court entered an order denying Plaintiff's Motion for Waiver of Costs and Fees. [DE 1-1]. The Court entered no order relating to the Motion for Default.

On December 12, 2024, the Jefferson Circuit Court Clerk issued a summons to Plaintiff. *See* Summons and Complaint [DE 1-1], dated December 12, 2024. WAVE 3 received service of this summons on February 12, 2025, and promptly removed the Complaint to this Court.

## ARGUMENT

Because Plaintiff's Motion for Default was pending and unresolved at the time of removal, this Court—rather than the Jefferson Circuit Court—has jurisdiction to resolve that motion. After

3

removal, "the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d); *see also Procedure for Removal—When Removal is Effective; Further Proceedings in State Court,* 14C Fed. Prac. & Proc. Juris. § 3736 (Rev. 4th ed.) ("[P]ost-removal proceedings in the state court are considered coram non judice and will be vacated by the federal court, even if the removal subsequently is found to have been improper and the case is remanded back to that state court.").

This Court should deny Plaintiff's Motion, because Plaintiff is not entitled to a default judgment. Under Rule 55, the entry of a default judgment is a two-step process. *See Sheppard Claims Svc., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193 (6th Cir. 1986). Initially, a default may entered by the Clerk of Court when a defendant has "failed to plead or otherwise defend" as established "by affidavit or otherwise[.]" Fed. R. Civ. P. 55(a). Once the Clerk enters a default, the moving party must then comply with the strictures set forth in Rule 55(b)'s for entry of judgment by the Clerk or Court, depending on the relief sought. *See id.*

Plaintiff's Motion fails both steps. Plaintiff has not shown "by affidavit or otherwise" that WAVE 3 has failed to plead or defend this action. *See* Fed. R. Civ. P. 55(a). There is no indication in the state court record that WAVE 3 was properly served before Plaintiff moved for a default judgment, and Plaintiff's Motion for Default cites no such evidence. Instead, Plaintiff asserts that the language in the (unserved) Summons required WAVE 3 to respond. *See* Mtn. Default [DE 1-1]. This is simply incorrect. Under state and federal rules, WAVE 3's duty to respond to the Complaint is triggered by <u>service</u> of the Complaint, not filing. *See* CR 12.01 & Fed. R. Civ. P. 12(a)(1)(A)(i).

And here, WAVE 3 was served on February 12, 2025, and WAVE 3 promptly responded by removing the Complaint and filing this Response. WAVE 3 will also timely answer or

4

otherwise defend against the allegations contained in the Complaint itself. Therefore, Plaintiff has not shown—and cannot show—that entry of a default is warranted under Fed. R. Civ. P. 55(a). WAVE 3 has not failed to defend upon receiving proper service. And Plaintiff similarly cannot make the submissions required by Rule 55(b) for entry of a default judgment. Fed. R. Civ. P. 55(b)(1) & (2).

## CONCLUSION

WHEREFORE, Gray Local Media, Inc. d/b/a WAVE 3 News respectfully requests that the Court DENY Plaintiff's Motion for Default. Pursuant to LR 7.1(e), a proposed order is attached.

Respectfully submitted,

FROST BROWN TODD LLP

*/s/ Samuel W. Wardle*
Samuel W. Wardle (swardle@fbtlaw.com)
400 West Market Street, 32nd Floor
Louisville, KY 40202-3363
Phone: (502) 589-5400 | Fax: (502) 581-1087
*Counsel for Defendant,*
*Gray Local Media, Inc.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 17, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all registered users, and I sent a true copy of the foregoing document and the notice of electronic filing by USPS certified mail to the following:

Charles O. Cater
Register Number 19204-033
U.S. Penitentiary Atlanta
601 McDonough Blvd. SE
Atlanta, GA 30318
*Pro Se Plaintiff*

                                    */s/ Samuel W. Wardle*
                                    *Counsel for Defendant,*
                                    *Gray Local Media, Inc.*

0143426.0801226   4900-5693-0332