UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:25-CV-89-CRS

CHARLES O. CATER                                                                                                PLAINTIFF

v.

LOUISVILLE COURIER JOURNAL
and WAVE 3 NEWS STATION                                                                              DEFENDANTS

### MEMORANDUM OPINION

On March 5, 2018, Defendant Gray Local Media, Inc. ("Wave 3")[1] published a news article reporting on a DEA investigation into a Louisville homicide. Article, DN 6-1. In that article, Wave 3 stated that two men were "accused of paying Charles Cater $30,000 to carry out the hit." *Id.* On September 3, 2024, Plaintiff Charles O. Cater ("Cater") filed suit against Wave 3 and the Louisville Courier Journal ("the Journal") in Jefferson County Circuit Court. Complaint, DN 1-1. Specifically, Cater stated that Wave 3's report was false and amounted to defamation, fraud, and breach of contract. *Id.* at PageID# 11. Cater's complaint did not include any allegation against the Journal. *Id.*

On February 14, 2025, Wave 3 removed this case to federal court. Notice of Removal, DN 1. Cater now moves to remand. DN 11. As well, Cater moves for a default judgment against Wave 3. Motion for Default Judgment, DN 1-1. Wave 3 moves to dismiss Cater's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). DN 6. Finally, Cater has filed a motion to compel requesting "a response from the courts in the above matter." DN 17. For the reasons stated below,

---

[1] Gray Local Media, Inc. is erroneously named in Cater's complaint as "Wave 3 News Station." That title is "an assumed name used by Gray Local Media, Inc. for the purpose of providing television news in the Louisville/southern Indiana media market." Response to Motion to Remand, DN 13 at PageID# 93-94. For ease of reference to the record, the Court will use the name "Wave 3."

the Court will deny Cater's motions to remand and for a default judgment. The Court will grant Wave 3's motion to dismiss. Cater's motion to compel will be denied as moot.

## DISCUSSION

### A. Motion to Remand

On March 31, 2025, Cater filed a "Response to Notice of Removal" in which he argued that "[t]his matter should be remanded back to Jefferson Circuit Court . . . ." DN 11. The Court will construe this filing as a motion to remand pursuant to 28 U.S.C. § 1446.

When considering a motion to remand, the Court looks to "whether the action was properly removed in the first place." *Ahearn v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453 (6th Cir. 1996). 28 U.S.C. § 1441(a) permits a defendant to remove a civil action from state court to federal district court when that action could have been brought originally in federal district court. But federal district courts are "courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)) (internal quotation marks omitted). Therefore, if the Court lacks original subject matter jurisdiction over a removed action, it must remand that action to state court. 28 U.S.C. § 1447(c).

Here, Wave 3 asserts that the Court has subject matter jurisdiction based on diversity of citizenship. Notice of Removal, DN 1. Diversity jurisdiction exists in civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). For the purposes of diversity, a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). "As the party invoking the federal forum, Defendant bears the burden of proving that the action

meets the requirements of diversity jurisdiction. *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 155 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010). "All doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

Cater does not dispute that the matter in controversy in this case exceeds $75,000. However, he contends that "[a]ll parties of this action are citizens of Louisville, KY." Motion to Remand, DN 11. Thus, he states that "[t]he citizenship of the parties is not diverse and cannot support federal jurisdiction." *Id.* But "Wave 3" is not a citizen of Kentucky—it is incorporated in Delaware and has its principal place of business in Georgia. Gray Media Annual Report, DN 13-1. Accordingly, the parties are citizens of different states,[2] and the Court has subject matter jurisdiction based on diversity of citizenship. 28 U.S.C. § 1332(a). Cater's motion to remand will be denied.

**B. Motion for Default Judgment**

On November 25, 2024, Cater moved for a default judgment pursuant to Federal Rule of Civil Procedure 55(a) and Kentucky Rule of Civil Procedure 12.01. Motion for Default, DN 1-1 at PageID# 14. That motion was pending in Jefferson County Circuit Court at the time of removal on February 14, 2025. Shortly thereafter, Wave 3 filed a response opposing default judgment, to which Cater replied.

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Under Kentucky Rule

---

[2] The citizenship of Defendant Louisville Courier Journal does not impact diversity in this case. Under the doctrine of fraudulent joinder, diversity is not destroyed by the joinder of "a party against whom there is no colorable cause of action." *Saginaw Hous. Comm'n v. Bannum, Inc.*, 576 F.3d 620, 624 (6th Cir. 2009). Cater's complaint does not advance any allegation against the Journal, and its citizenship is therefore irrelevant.

3

of Civil Procedure 12.01, a defendant's twenty-day period in which to defend is triggered by "service of the summons upon him/her." As Wave 3 points out in its Response, Cater offers nothing to show that Wave 3 was served at any point prior to the filing of his Motion for Default. Response, DN 5 at PageID# 29. Indeed, Wave 3 contends that it was not served until February 12, 2025, after which it promptly removed the case and submitted its motion to dismiss Cater's complaint. *Id.* at PageID# 29-30. Cater does not challenge this timeline in his reply, which only states that he "has no repsonse [sic] to the above motion." Reply, DN 9. Accordingly, Cater has not shown entitlement to a default judgment, and the Court will deny his motion for such.

**C. Motion to Dismiss**

On February 27, 2025, Wave 3 filed a motion to dismiss Cater's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). DN 6. On March 12, 2025, Cater submitted a motion for enlargement of time requesting thirty days to respond to Wave 3's motion to dismiss. DN 8. He filed that response on April 8, 2025. DN 12. Cater's motion for enlargement of time will be granted, and the Court therefore takes his response into consideration. For the reasons stated below, the Court will grant Wave 3's motion to dismiss.

Under the Federal Rules of Civil Procedure, a plaintiff must plead "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, "a complaint showing on its face that relief is barred by an affirmative defense is properly subject to a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted." *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978). Thus, when the allegations in a complaint "show that relief is barred by the applicable statute of limitations, the

complaint is subject to dismissal for failure to state a claim[.]" *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (quoting *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

Cater's complaint alleges defamation, breach of contract, and fraud by Wave 3. Complaint, DN 1-1 at PageID# 9. Wave 3 contends that "each claim is, on its face, barred by the applicable statute of limitations." Motion to Dismiss, DN 6 at PageID# 38. The Court agrees. Wave 3 published the relevant story on March 5, 2018, well over six years before Cater filed his complaint. Article, DN 6-1; Complaint, DN 1-1. Under Kentucky state law, an action for defamation is subject to a one-year statute of limitations running from the date of publication. Ky. Rev. Stat. § 413.140(1)(d); *Caslin v. Gen. Elec. Co.*, 608 S.W.2d 69, 70 (Ky. Ct. App. 1980). Actions for fraud and breaches of unwritten contracts are subject to a five-year statute of limitations. Ky. Rev. Stat. §§ 413.120(1) and (11).

In his response, Cater argues that a May 22, 2023 press release by the Department of Justice reporting on his sentencing "restarted" the clock for each of his claims against Wave 3, thus making them timely. Response, DN 12 at PageID# 66-67.[3] Cater offers no support for this assertion, and the Court has found none. Cater also argues that his claim for breach of contract is subject to a fifteen-year statute of limitations under Ky. Rev. Stat. § 413.090(2). *Id.* at PageID# 67. But that provision only applies to written contracts. Ky. Rev. Stat. § 413.090(2). Cater does not refer to any written contract with Wave 3 in his complaint, and he later clarifies that he is alleging a breach of "an oral or implied agreement." Second Response, DN 15 at PageID# 117. His claim is thus governed by the five-year limitation under § 413.120(1). Accordingly, each of

---

[3] *See Louisville Men Sentenced in Federal Court for Multi-Drug Trafficking Conspiracy and Firearms Offenses*, U.S. ATTORNEY'S OFFICE, WESTERN DISTRICT OF KENTUCKY (May 22, 2023), https://www.justice.gov/usao-wdky/pr/louisville-men-sentenced-federal-court-multi-drug-trafficking-conspiracy-and-firearms.

Cater's claims against Wave 3 is, on the face of his complaint, barred by the applicable statute of limitations and subject to dismissal under Rule 12(b)(6).

Finally, as previously stated, Cater's complaint also lists the Louisville Courier Journal as a defendant. Complaint, DN 1-1 at PageID# 9. However, Cater presents no allegation against the Journal in his complaint or in any subsequent filing. Because Cater fails "to state a claim upon which relief can be granted" against either defendant, the Court will grant Wave 3's motion and dismiss Cater's complaint in full. FED. R. CIV. P. 12(b)(6).

A separate order will be entered this date in accordance with this Memorandum Opinion.

August 14, 2025

Charles R. Simpson III, Senior Judge
United States District Court