No. 25-5808

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

```
FILED
Mar 10, 2026
KELLY L. STEPHENS, Clerk
```

| | |
|---|---|
| CHARLES O. CATER,                                      ) | |
|     Plaintiff-Appellant,           ) | |
| v.                                                     ) | O R D E R |
| WAVE 3 NEWS STATION; LOUISVILLE COURIER JOURNAL,       ) | |
|     Defendants-Appellees.          ) | |

Before: GIBBONS, Circuit Judge.

Federal prisoner Charles O. Cater, proceeding pro se, appeals the dismissal of his complaint against Louisville's Wave 3 News Station and the Louisville Courier Journal. Cater moves to proceed in forma pauperis on appeal, but this court denies the application because he has no good faith argument that the district court erroneously denied his motions and dismissed his complaint.

In November 2024, Cater sued Wave 3 and the Louisville Courier Journal for defamation, breach of contract, and fraud in Kentucky's Jefferson Circuit Court. Cater alleges that, in 2018, Wave 3 aired (and later published) a story that DEA agents heard Cater accepting $30,000 to kill two people as part of a drug conspiracy. Cater further alleges that this claim "was a lie and remain[s] a lie," and he demands $10 million in damages. Although Cater also names the Courier Journal as a defendant, his complaint contains no allegations against the newspaper.

Wave 3 removed the case to federal court based on diversity jurisdiction, *see* 28 U.S.C. § 1441, and then moved to dismiss Cater's complaint under Federal Rule of Civil Procedure 12(b)(6). Prior to Wave 3 removing the case, Cater had moved to hold Wave 3 in default. Once in the district court, Cater filed several motions and responses including, as relevant here, a motion to remand. Cater contended that all the parties lived in Louisville, Kentucky, thus destroying

diversity jurisdiction. The district court disagreed with Cater, granted Wave 3's motion, and dismissed the case. *Cater v. Louisville Courier J.*, No. 3:25-cv-89, 2025 WL 2375303 (W.D. Ky. Aug. 15, 2025). The court concluded that it possessed diversity jurisdiction because Cater remained a citizen of Kentucky despite being incarcerated in Georgia, and Gray Local Media, Inc., which owns and operates Wave 3, was incorporated in Delaware and has its principal place of business in Georgia. *Id.* at *1-2. The court excluded the Courier Journal's citizenship from its analysis because Cater did not properly serve the Courier Journal and stated no claims against it. *Id.* at *2 n.2. As to Wave 3's motion to dismiss, the court concluded that Cater filed his claims outside the relevant statutes of limitation. *Id.* at *2-3. Later, it denied Cater's motion to proceed in forma pauperis on appeal.

An indigent litigant may obtain leave to proceed in forma pauperis on appeal if the litigant takes the appeal in good faith. Fed. R. App. P. 24(a)(5); *Owens v. Keeling*, 461 F.3d 763, 774-75 (6th Cir. 2006). A litigant does not take an appeal in good faith if it is frivolous, meaning it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Cater has no good-faith argument that the district court erred in denying his motions or dismissing his complaint.

First, Cater lacks an arguable basis for challenging the denial of his motions for remand and default judgment. The amount in controversy exceeded $75,000—remember, Cater requested $10 million in damages—and the parties are citizens of different states: Kentucky for Cater, and Delaware and Georgia for Gray Local Media/Wave 3. 28 U.S.C. § 1332(c)(1). Regarding the Courier Journal, Cater never served the newspaper and his complaint contains no allegations against it; at most, the paper's inclusion could amount to fraudulent joinder. *See Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 432 (6th Cir. 2012).

Turning to Cater's default judgment motion, Cater filed his complaint in state court on September 3, 2024, and moved for default judgment on November 25, 2024. Wave 3 states, and Cater presents no contrary evidence, that Cater did not complete service on Wave 3 until February 12, 2025. Wave 3 removed the case two days later and moved to dismiss two weeks after that.

No. 25-5808
- 3 -

Federal Rule of Civil Procedure 55 requires the clerk to enter default when a party "has failed to plead or otherwise defend," but Wave 3, upon receipt of service, mounted a defense: it removed the case to federal court and moved to dismiss.

Second, Cater lacks an arguable basis for challenging the district court's dismissal of his complaint. A one-year limitations period applies to Cater's defamation claim, Ky. Rev. Stat. § 413.140(1)(d), and a five-year limitations period applies to his breach of contract and fraud claims, Ky. Rev. Stat. § 413.120(1), (11). Cater alleges that Wave 3 aired the offending story in 2018, and he filed his complaint in 2024, six years later. Cater now argues that he did not discover his claims until 2022, when an unidentified government "Agent" testified differently from what he wrote in an earlier affidavit. Yet even if Cater is right and he could not have discovered his claims until 2022, his defamation claim remains untimely. He would also still lack a good faith basis for appealing the dismissal of his breach of contract and fraud claims because his complaint does not plausibly allege either claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

For these reasons, the court **DENIES** Cater's in forma pauperis motion. Unless Cater pays the $605 filing fee to the district court within 30 days of the entry of this order, this court will dismiss Cater's appeal for want of prosecution.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk

## United States Court of Appeals for the Sixth Circuit

**U.S. Mail Notice of Docket Activity**

The following transaction was filed on 03/10/2026.

**Case Name:** Charles Cater v. Wave 3 News Station, et al
**Case Number:** 25-5808

**Docket Text:**
ORDER filed - The court DENIES Cater's in forma pauperis motion. Unless Cater pays the $605 filing fee to the district court within 30 days of the entry of this order, this court will dismiss Cater's appeal for want of prosecution.[7459258-2]. Julia Smith Gibbons, Circuit Judge.

**The following documents(s) are associated with this transaction:**
Document Description:   Order

**Notice will be sent to:**

Mr. Charles O. Cater
FMC Lexington
P.O. Box 14500
Lexington, KY 40512

**A copy of this notice will be issued to:**

Mr. Jason Patrick Renzelmann
Mr. James J. Vilt Jr.
Mr. Samuel W. Wardle